*Wang v. Delphin-Rittmon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of November, two thousand twenty-two.

PRESENT:     Jon O. Newman,
             Guido Calabresi,
             Steven J. Menashi,
                  *Circuit Judges.*

_____

LISHAN WANG,

     *Plaintiff-Appellant,*

    v.                                                                No. 21-397-cv

MIRIAM DELPHIN-RITTMON, HELEN VARTELAS, CEO, Connecticut Valley Hospital, THOMAS WARD-MCKINLAY, Psychologist, Director of Whiting, FRANK VALDEZ, Unit 2 Director, FRANKEL, DR., (1ST NAME), Physician, (Possible First Name: "Irene"), KATHY BURNESS,

APRN, WANDA WILLIAMS, Staff Member,
MISTY DELCIAMPO, Nurse,

        *Defendants-Appellees*,

MICHAEL A. NORKA, Psychiatrist, MARK
COTTERELL, Principal Psychiatrist, TAIYA
OGUNDIPE, Dr., Psychiatrist, LORI L. HAUSER,
Psychologist, SUSAN MCKINLAY, Forensic
Monitor, SANDRA MALDONADO, Staff
Member, WILL FERNANDEZ, Staff Member,
SARYN EVANS, Staff Member, NURSE
HEATHER MADISON, ODETTE BOGLE, Clinical
Social Worker, CAESAR RIVERA, Policeman,
IRENE FRNAKEL, Dr., (1st Name?), Physician,

        *Defendants*.

_____

| | |
|---|---|
| *For Plaintiff-Appellant*: | JON ROMBERG & KEGAN SHEEHAN (Michelle Kostyack & Jessica Kriegsfeld, *on the brief*), Seton Hall University Law School, Center for Social Justice, Newark, NJ. |
| *For Defendants-Appellees*: | MARY K. LENEHAN, Assistant Attorney General (Elizabeth H. Bannon, Assistant Attorney General, *on the brief*), *for* William Tong, Attorney General of the State of Connecticut, Hartford, CT. |

2

Appeal from a judgment of the United States District Court for the District of Connecticut (Covello, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of said district court is **AFFIRMED**.

Plaintiff-Appellant Lishan Wang appeals the judgment of the United States District Court for the District of Connecticut dismissing his claims against state employees of the Whiting Forensic Unit of Connecticut Valley Hospital ("Whiting"). We assume the parties' familiarity with the factual and procedural history of the case.

On appeal, Wang argues that the district court erred by not conducting a competency hearing for him while he was proceeding pro se. We agree. The Federal Rules of Civil Procedure require a district court to "appoint a guardian *ad litem*—or issue another appropriate order—to protect a[n] … incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c)(2). In *Ferrelli v. River Manor Health Care Center*, we said that Rule 17(c) does not impose on a district court "an obligation to inquire *sua sponte* into a pro se plaintiff's mental competence, even when the judge observes behavior that may suggest mental incapacity." 323 F.3d 196, 201 (2d Cir. 2003). But we continued:

> If a court were presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the type that would render him or her legally incompetent, it likely would be an abuse of the court's discretion not to consider whether Rule 17(c) applied.

*Id.*

In this case, the district court received such evidence from a mental health professional just days after Wang filed his first complaint. *See* Exhibit B ("Dr. Cotterell and Dr. Hauser's Original Report About Mr. Wang's Mental Health"), *Wang v. Delphin-Rittmon*, No. 3:16-CV-01207 (D. Conn. July 19, 2016), ECF No. 5. The report noted that Wang had been adjudicated incompetent by the Connecticut Superior Court in which Wang was being prosecuted for murder. It also stated that "the unanimous opinion of [Wang's] treatment team and the writers [of the report is] that Mr. Lishan Wang has not yet demonstrated sufficient understanding of the [criminal] proceedings and does not yet have the ability to assist in his defense." *Id.*at 13. Yet the district court never conducted a competency hearing, as *Ferrelli* requires.

It is possible that the district court did not conduct a hearing because it was waiting to see the results of Wang's treatment plan—which included forcible

4

psychiatric medication by Whiting employees—before ruling on the merits of his claims. The district court did not enter any decisions on the merits until after the Connecticut Superior Court determined that Wang was competent. If that had been the reason for the district court's failure to investigate Wang's competency, then there would not have been error. But the record does not establish that the district court was waiting for that determination, and the district court never said it was.

But even if the district court erred, that error was harmless. *See United States v. Cummings*, 858 F.3d 763, 771 (2d Cir. 2017) (holding that errors reviewed for abuse of discretion are subject to harmless error analysis); 28 U.S.C. § 2111 (requiring a court of appeals to disregard errors that "do not affect the substantial rights of the parties"). On June 5, 2017, approximately one year after Wang first began this civil action, the Superior Court found that he had been restored to competence. The record does not make clear that the district court was aware of the Superior Court's finding. But had the district court been aware of it, it would have been entitled to rely on it. Such a finding would have terminated the district court's obligation under *Ferrelli* to investigate Wang's competence.

The district court ruled on the merits of Wang's claims only after June 5, 2017, when the Superior Court adjudicated him competent. The defendants moved to dismiss Wang's claims on June 7, 2017. Wang did not respond to that motion. The district court granted the motion in part on September 12, 2017. The defendants did not move for summary judgment until March 2020, and the district court did not grant the summary judgment motion until November 2020. These are unique circumstances: the state court determined Wang to be competent while the federal civil suit was ongoing, and the federal district court did not rule on the merits of the civil suit until after that determination. Given that series of events, we conclude that any error in failing to conduct a competency hearing was harmless.

\* \* \*

We have considered Wang's remaining arguments, which we conclude are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6